UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KIMBERLY ANN HENNY, | Case No. 22-CV-1996 (WMW/JFD) |
| Plaintiff, | |
| v. | ORDER<br>and<br>REPORT AND RECOMMENDATION |
| MISTELLE STARR, Warden of FCI Waseca; MCINTOSH, Associate Warden of FCI Waseca; and ANDRE MOUSETAVIAN, Regional Director for the Federal Bureau of Prisons, | |
| Defendants. | |

Plaintiff Kimberly Ann Henny is a prisoner currently detained at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"). Henny alleges that conditions at FCI-Waseca are inadequate to prevent the spread of COVID-19 and that the Federal Bureau of Prisons ("BOP") is abusing its discretion by failing to transfer her and similarly situated prisoners to home confinement pursuant to the CARES Act, Pub. L. No. 116-136.

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

1

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Under 18 U.S.C. § 3624(c)(2), the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Section 12003(b)(2) of the CARES Act modifies § 3624(c)(2) by permitting the BOP "[d]uring the covered emergency period" (which remains ongoing) to place prisoners in home confinement at any point during the prisoner's term of incarceration. Thus, under the CARES Act, Henny—like all federal prisoners—is statutorily eligible for a transfer to home confinement.

But federal law is absolutely clear that full discretion concerning custodial placement decisions is vested in the BOP, including decisions whether to transfer a prisoner to home confinement. *See* 18 U.S.C. § 3621(b). The CARES Act did not disturb this grant of discretion to the BOP. *See United States v. Hall*, No. 22-2152, 2022 WL 4115500, at *2 n.2 (3d Cir. Sept. 9, 2022) (per curiam); *United States v. Pribyl*, No. 20-11848, 2022 WL 424874, at *2 (11th Cir. Feb. 11, 2022) (per curiam); *Garcia v. Eischen*, No. 22-CV-0444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases for proposition that "[c]ourts in this District have continually held that the BOP has exclusive authority to determine the placement of prisoners."); *Kern v. Fikes*, No. 21-CV-2211 (WMW/LIB), 2022 WL 2959973, at *6 (D. Minn. June 16, 2022) ("Nothing in the CARES Act . . . altered the exclusivity of this authority to the BOP."); *United States v. James*, No. 15-CR-0255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) (noting that it is "well-established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement."). Whether home confinement is an appropriate placement for Henny is simply not a question within the scope of the Court's judicial authority.

Henny's request for class certification fails for much the same reason: Any class member similarly situated to Henny would also be unable to invoke the CARES Act as a basis for seeking from the Court a transfer in her place of detention. But the request for class certification also fails for a second reason. Henny is not an attorney, and she therefore cannot satisfy the requirement for class certification that she be able to "fairly and adequately protect the interests of the class" whom she purports to represent. Fed. R. Civ.

3

P. 23(a)(4); *see DeBrew v. Atwood*, 792 F.3d 118, 131-32 (D.C. Cir. 2015) (collecting cases).

This Court will therefore recommend that this matter be dismissed pursuant to 28 U.S.C. § 1915A(b). Briefly, however, this Court must address two other issues.

First, the allegations set forth in Henny's complaint suggest that she believes that conditions at FCI-Waseca fall below the minimum constitutional standard (or have fallen below that standard in the past). To the extent that the complaint might be interpreted as raising claims pursuant to *Bivens*,[1] however, those claims are inadequately pleaded. As an initial matter, Henny seeks only injunctive relief (i.e., transfer to home confinement) in this proceeding, not monetary damages. (Compl. at 5, Dkt. No. 1.) But "it is doubtful that a litigant may seek injunctive relief under *Bivens*." *Mendez v. Kallis*, No. 21-CV-0178 (DSD/ECW), 2021 WL 1795802, at *1 (D. Minn. Mar. 19, 2021) (collecting cases). Even leaving this problem aside, to establish liability under *Bivens*, Henny would need to show that the specific defendants named in the complaint are responsible for the allegedly unconstitutional conditions of confinement. *See Buford v. Runyon*, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998). The only factual allegations specific to any of the named defendants in either the complaint or its addendum (Dkt. No. 1-1) relate to the defendants' denial of requests for a transfer to home confinement, not to the defendants' responsibility for the conditions inside FCI-Waseca that might be claimed to be constitutionally deficient.

---

[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Second, this Court previously ordered Henny to pay an initial partial filing fee of $109.83, consistent with 28 U.S.C. § 1915(b). (Dkt. No. 6.) Henny asks for reconsideration of that order on the grounds that increased restitution obligations leave her with no assets and no means to pay the required initial partial filing fee. (Dkt. No. 9.) The Court will grant the motion for reconsideration and waive the requirement that Henny pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Henny nevertheless remains responsible for the entirety of the $350.00 statutory filing fee, which must be paid in installments over time. *See* 28 U.S.C. § 1915(b)(2). Officials at FCI-Waseca will be apprised of that requirement.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Kimberly Ann Henny's motion for reconsideration (Dkt. No. 9) is **GRANTED**.

2. The requirement that Henny pay an initial partial filing fee is **WAIVED**. *See* 28 U.S.C. § 1915(b)(4).

3. Henny must pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Henny is confined.

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED THAT**:

1. Henny's application to proceed *in forma pauperis* (Dkt. No. 4) be **DENIED**.

2. This matter be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).


Dated: November 8, 2022                     *s/ John F. Docherty*
                                            JOHN F. DOCHERTY
                                            United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).